[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in this summary process action seeks a judgement of possession for the premises known as 26 Summerhill Road, Apartment 49, Middletown, Connecticut. The plaintiff alleges non-payment of rent by the defendants.
A trial in this matter was held on December 17, 2002. The plaintiff appeared by counsel. The defendants attended the proceeding and represented themselves. The court has carefully considered all of the evidence and finds that the facts set forth below were proven by a preponderance of the evidence.
On or about March 1, 1993, the plaintiffs and the defendants entered into a written lease of the subject premises for a term of one year. When the lease expired, the defendants retained the premises pursuant to a month-to-month oral rental agreement. The defendants have continuously resided in the apartment at 26 Summerhill Road since March 1, 1993.
The defendants did not pay the plaintiff the monthly rental of $581 on September 1, 2002. On September 6, 2002, the defendants paid the plaintiff $200. On September 27, 2002, the defendants gave the plaintiff $300. An additional $37 was tendered by the defendants to the plaintiff during September toward the rent.
Accordingly, during the month of September 2002, the defendants paid the plaintiff $537 toward the rent of $581 which was owed for that month, leaving an unpaid balance of $44. The plaintiffs representative testified at trial that the plaintiff accepted the full $531 paid by the defendants during September as rent.
On September 25, 2002, the plaintiff issued a notice to quit. That notice was served upon the defendants on September 28, 2002. The notice to quit stated in part:
CT Page 15334-ca "You have ten (10) days within which to discuss the termination of your tenancy with us. The ten (10) day period will begin on the earlier of the date the notice was hand delivered to the apartment or the day after the notice was mailed.
 You must vacate the apartment now occupied by you at the above address by October 15, 2002. If you do not move out of the apartment by this date, the lease shall terminate the next day by virtue of this notice and a judicial proceeding for eviction may be instituted against you at which time you may present a defense."
The defendants speak English, but their primary language is Polish. The notice to quit was written in English.
The defendant, Halina Trelski, testified credibly at trial that she believed that if she paid the back rental by October 15, 2002 she would be in compliance and would not have "a problem" with the landlord.
On October 9, 2002, the defendants sent a money order for $310 to the plaintiff by certified mail. (Defendant's Exhibits A, B and C). The payment was received by the plaintiff on October 15, 2002.
Although the defendants may have previously made late rent payments to the plaintiff and owed an arrearage for back rent, the focal point of this proceeding is the rent of $581 owed for the month of September 2002.
The evidence at trial established that the defendants paid the plaintiff $537 during September 2002, and that the plaintiff accepted all of that money as rent.
The unpaid balance of $44 was encompassed in the payment of $310 that the defendants mailed to the plaintiff on October 9, 2002.
The court finds that the plaintiff's notice to quit was not unequivocal. It gave the defendants 10 days to "discuss the termination" of their tenancy, and indicated that the lease would not terminate until October 16, 2002. It also indicated that after October 16th, an eviction proceeding "may" be instituted. In light of the language of the notice, and the facts presented, the court finds that the notice was equivocal, and that the defendants could have reasonably assumed that their breach would be cured if they tendered the $44 arrearage by October CT Page 15334-cb 15th.
Furthermore, as a court of equity, this court attaches great significance to the following facts: (1) that the plaintiff accepted $537 as rent during September; (2) that the unpaid amount of the rent for September ($44) was relatively small; and (3) that the defendants, whose primary language was Polish, responded to the notice to quit by mailing $310 to the plaintiff on October 9, 2002.
For the forgoing reasons, the court finds that that the plaintiff has failed to prove non-payment of rent by a preponderance of the evidence. Accordingly, judgment may enter in favor of the defendants.
SO ORDERED.
BY THE COURT:
 ___________________ Dyer, J.
CT Page 15334-cc